IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEVIN ANTONIO WATSON, | ) |
| | ) |
| Petitioner, | ) Case No. 7:22-cv-187 |
| | ) |
| v. | ) |
| | ) By: Michael F. Urbanski |
| HAROLD CLARKE AND RICK WHITE, WARDEN, | ) Chief United States District Judge |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This case comes before the court on respondents Harold Clarke and Rick White's motion to dismiss, ECF No. 9, and petitioner Kevin Antonio Watson's motion for a three-judge court, ECF No. 13. For the following reasons, respondents's motion to dismiss, ECF No. 9, is **GRANTED**, and Watson's motion for a three-judge court, ECF No. 13, is **DENIED**.[1]

### I.

Watson, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his August 2021 convictions on three disciplinary offenses while in custody of the Virginia Department of Corrections ("VDOC"). Each conviction carried a monetary penalty—of $15.00, $12.00, and $7.00, respectively—but Watson does not claim that they affected the length of his underlying sentence. Pet., ECF No.

---

[1] As the order accompanying this memorandum opinion renders discovery unnecessary, Watson's outstanding requests for discovery, ECF Nos. 14 and 15, are denied as moot.

1-1, at 2–3. After Watson brought administrative appeals, respondent White affirmed all three convictions. Id. at 3. Watson argues that the convictions were unconstitutional because he never signed a "contract expressing his assent and consent to be b[ou]nd" by VDOC Operating Procedure 861.1 ("OP 861.1"), which governs offender discipline, Id. at 11. Respondents moved to dismiss under Rule 12(b)(1) because the court lacks subject matter jurisdiction over this habeas claim. Mot. to Dismiss, ECF No. 9, at 2–3.

## II.

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To move for dismissal under Rule 12(b)(1), a party must allege that the court lacks subject matter jurisdiction. When a respondent argues that a claim fails to allege facts upon which subject matter jurisdiction can be based, all the facts alleged in the petition are assumed to be true and the petitioner is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Habeas corpus is an "extraordinary remedy." Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., 411 U.S. 345, 351 (1973). Federal courts only have subject matter jurisdiction under 28 U.S.C. § 2254 when the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (emphasis added). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley, 411 U.S. at 351. "'[W]hen a state prisoner is challenging the very fact or duration of his physical

confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment," the prisoner's "sole federal remedy is a writ of habeas corpus."' Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003) (quoting Preiser v. Rodriguez, 411 U.S. 475, 491–92 (1973)).

### III.

The court lacks subject matter jurisdiction over Watson's habeas claim because he does not challenge a sentence for which he was "in custody." Further, even if Watson did challenge a conviction affecting the length of his incarceration, he fails to allege a violation of the federal Constitution or laws.

### A.

Respondents argue that, despite being currently incarcerated, Watson is not "in custody" because of the challenged convictions and that the court therefore lacks subject matter jurisdiction over this habeas claim.

In the federal habeas context, "custody" is a restraint that is severe, immediate, and not shared by the public generally. Hensley, 411 U.S. at 351–53. This restraint generally must impact freedom of movement. See Jones v. Cunningham, 371 U.S. 236, 242–43 (1963); cf. United States v. Ross, 801 F.3d 374, 379–80 (3d Cir. 2015) (holding that monetary penalties associated with a conviction are not "severe" restraints such that the individual is in custody for the purposes of habeas proceedings).

In the prison discipline setting, "where a successful challenge to a disciplinary hearing or administrative sanction will not necessarily shorten the overall length of confinement, then habeas jurisdiction is lacking." Garcia v. Holland, No. 1:13-CV-01049-AWI, 2013 WL

6145237, at *3 (E.D. Cal. Nov. 21, 2013) (emphasis in original); see also Rexroat v. Brown, No. 220CV00280JPHMJD, 2020 WL 5994451, at *1 (S.D. Ind. Oct. 9, 2020) (dismissing a § 2254 petition based on a fine imposed as a prison disciplinary sanction, even though the conviction led to the petitioner's exclusion from programming that could lead to earlier release); Parks v. Zickefoose, No. 4:CV-14-677, 2014 WL 1515637, at *2 (M.D. Pa. Apr. 15, 2014) (dismissing a habeas claim based on prison discipline, because the "purported constitutional misconduct did not adversely affect the fact or duration of [petitioner's] incarceration").

Here, Watson challenges neither the fact nor duration of his incarceration. He challenges convictions for which he received fines, not confinement, and seeks declaratory relief that he is not bound by generally applicable regulations governing inmate standards of conduct. Because these fines do not constitute "custody" and Watson does not challenge the conviction for which he is in custody, this court lacks subject matter jurisdiction and Watson's petition must be dismissed.[2]

**B.**

Even if Watson claimed that these convictions affected the duration of his incarceration, Watson's petition would still fail because he does not allege a violation of the Constitution or federal law. 28 U.S.C. § 2254(a) (permitting courts to "entertain an application

---

[2] A complaint alleging constitutional violations related to these disciplinary proceedings may be more properly brought under 42 U.S.C. § 1983, which provides the "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Prieser, 411 U.S. at 499. However, to state a cognizable claim under 42 U.S.C. § 1983, "the plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Based on Watson's petition, he cannot currently clear this hurdle.

for a writ of habeas corpus . . . only on the ground that [the applicant] is in custody <u>in violation of the Constitution or laws or treaties of the United States</u>") (emphasis added).

Watson's argument, as the court understands it, is as follows. Laws—including state and federal constitutions—are contracts between the citizens of the state and the state. Pet., ECF No. 1-1, at 5–6 (citing <u>Chisholm v. Georgia</u>, 2 U.S. 419 (1793)). The Contracts Clause of the federal Constitution prevents Virginia from making any law impairing its contract obligations. <u>Id.</u> at 5 (citing <u>Poindexter v. Greenhow</u>, 114 U.S. 270 (1885)). Virginia's Constitution states that "all men . . . cannot be . . . without their own consent, or that of their representatives duly elected . . . bound by any law to which they have not . . . assented." <u>Id.</u> at 6 (citing Va. Const. art. 1 § 6). Watson never signed a form acknowledging VDOC's OP 861.1 or an agreement permitting VDOC to withhold offender pay to meet court-imposed "fines, costs, forfeitures, restitutions, or penalties." <u>Id.</u> at 7; Exs., ECF No. 1-2, at 13–14. Watson claims that this lack of signature, demonstrating his lack of consent, plus a lack of consideration, mutuality, or meeting of the minds, means there was no contract. Pet., ECF No. 1-1, at 7. Therefore, in the absence of a contract, Watson claims that VDOC's enforcement of OP 861.1 against him violated the Virginia Constitution and the Contracts Clause. <u>Id.</u> at 8.

This is not so. No contract between Watson and VDOC is necessary for VDOC to enforce OP 861.1 against Watson. As Watson himself notes, <u>id.</u> at 6, Va. Code § 53.1-25 grants the VDOC Director the authority to prescribe state prison rules. OP 861.1 was duly promulgated pursuant to this authority and "establishes the code of offenses, the penalties for

5

violation of this code, and the disciplinary process for all offenders incarcerated in Department of Corrections Institutions." Exs., ECF No. 1-2, at 10.

> The enforcement of prison rules and regulations of general applicability does not itself implicate any federally protected right of petitioner's. To the extent if any that plaintiff alleges that prison rules were improperly implemented against him, prison officials' violation of their own policies does not itself raise a federal question.

Hill v. Newsom, No. 219CV1680JAMACP, 2021 WL 1103030, at *6 (E.D. Cal. Mar. 23, 2021), adhered to on denial of reconsideration, No. 219CV1680JAMACP, 2021 WL 1374514 (E.D. Cal. Apr. 12, 2021) (dismissing a § 1983 claim that petitioner's "rights under the Contracts Clause were violated when he failed to follow prison rules and regulations and suffered the consequences, despite never having signed a contract agreeing to follow prison rules").

## IV.

Watson further requests that a three-judge court be convened to hear his habeas claim. ECF No. 13. Watson cites to 28 U.S.C. §§ 2201, 2254, 2281, and 2284.[3] 28 U.S.C. § 2284(a) provides that "[a] district court of three judges shall be convened when otherwise required by Act of Congress or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide body." None of the statutes upon which Watson seeks relief requires the convening of a three-judge court. Therefore, Watson's motion is denied.

## V.

---

[3] 28 U.S.C. § 2281, which previously required three-judge panels where a plaintiff requested an injunction against enforcement of allegedly unconstitutional state law, was repealed in 1976. An Act To Improve Judicial Machinery by Amending the Requirement for a Three-Judge Court in Certain Cases and for Other Purposes, Pub. L. No. 94-381, 90 Stat. 1119 (1976).

For the aforementioned reasons, respondents's motion to dismiss, ECF No. 9, is **GRANTED**. Watson's motion for a three-judge court, ECF No. 13, is **DENIED**.

**IT IS SO ORDERED**.

Entered: March 1, 2023

Michael F. Urbanski
Chief U.S. District Judge
2023.03.01 17:36:37
-05'00'

Michael F. Urbanski
Chief United States District Judge